# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE M. PLANTE and CHRISTIAN J. STONE,<br><br>　　　　　Plaintiffs,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　　Defendant. | CASE NO. 11cv354-LAB (WVG)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**ORDER OF DISMISSAL** |

　　　On February 22, 2011, Plaintiffs filed their complaint along with a motion to proceed *in forma pauperis* (IFP) and a motion for appointment of counsel.

　　　A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay filing fees. 28 U.S.C. § 1915(a). Plaintiffs have submitted an affidavit which substantiates they lack the financial resources to pay filing fees. The motion to proceed IFP is therefore **GRANTED**.

　　　Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory sua sponte review and dismissal by the court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

/ / /

*Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The one-page complaint raises a medical malpractice claim based on allegedly negligent treatment Plante received at UCSD Medical Center in San Diego. It also alleges staff at Plaintiff Stone's school exhibited cruelty towards Stone and Plante, and false rumors were circulated about Plante. Although the complaint names the United States as a defendant, it makes no allegations at all against the United States. The body of the complaint mentions Defendants Gomez, Gaddis, and Brenner, who are not named in the caption. Defendant Gomez is identified as a primary care physician at the hospital, and Brenner is identified as an attorney. Gaddis is not otherwise identified.

Plaintiffs are not bringing claims against the United States. Even if they were given leave to amend to name Gomez, Gaddis, Brenner, the hospital, or hospital staff as Defendants, this Court wouldn't have jurisdiction to adjudicate these claims. The claims don't arise under federal law, the parties are not diverse, and no other basis for the Court's exercise of jurisdiction appears reasonably possible.

The Court also notes that two other cases Plante brought in this district, *Plante v. Gomez*, et al., 09cv1217-H (POR) and *Plante v. Gomez* et al., 10cv1130-H (POR), were dismissed for lack of jurisdiction, and the judgments in both cases are now final.

This action is therefore **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE TO AMEND**. The motion for appointment of counsel is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATED: February 24, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge